Weisburgh v. NH Savings BankCorp        CV-90-227-B     04/27/93

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

Jeffrey M. Weisburgh

    v.                              Civil No. 90-227-B

New Hampshire Savings BankCorp, et al.


**O R D E R**


Defendants seek an order compelling plaintiff to produce information concerning his transactions in securities during the five years preceding the commencement of this action. Plaintiff argues that the motion should be denied pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure because his trading records are not relevant and because it would be unduly intrusive to require him to produce the records.


**I.  DISCUSSION**

Rule 26(b)(1) sets forth a broad test of relevancy which ordinarily will allow discovery of any unprivileged matter that may bear on any issue in the case. Santiago v. Fenton, 891 F.2d 373, 379 (1st Cir. 1989). However, relevant information still may be withheld from a party seeking discovery if its production

would be "unduly burdensome, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation." Fed. R. Civ. P. 26(b)(1). Applying these standards here, I grant defendants' motion because it seeks relevant information that would not be unduly burdensome for the plaintiff to produce.

A. Relevance

Defendants in this fraud-on-the-market case make the following argument in support of their claim that the plaintiff's trading records are relevant to the issue of class certification: (1) plaintiff's trading records will reveal a pattern of trading based upon factors other than the integrity of the market price; (2) this pattern of trading in other stocks will demonstrate that the plaintiff did not rely on the integrity of the market price in purchasing the stock at issue in this case; (3) since reliance is an element of the plaintiff's claims, proof of nonreliance will defeat plaintiff's claim on the merits; and (4) because the records will give the defendants a unique nonreliance defense with respect to the only named representative of the purported class, the records will establish that the plaintiff will not be able to satisfy the tests of adequacy and typicality which are

2

prerequisites to class certification.

Plaintiff argues that the court may not consider matters such as reliance during the class certification process because such matters relate to the merits of plaintiff's claims.[1] Accordingly, plaintiff contends that his trading records in other stocks would not be relevant at this stage of the proceedings even if they tended to prove nonreliance. Plaintiff bases this claim primarily upon Eisen v. Carlisle & Jacquelin, 417 U.S. 156 (1974), where the Supreme Court held that it was improper in a class action for a court to consider the merits of a claim in determining whether the defendant should be required to pay the costs of notifying prospective class members of the action. 417 U.S. at 177. Plaintiff also relies upon several decisions in

---

[1]Plaintiff also argues that the presumption of reliance in fraud-on-the-market cases which the Supreme Court recognized in Basic, Inc. v. Levenson, 485 U.S. 224, 225 (1988) somehow bars discovery on the subject of individual reliance. I reject this argument because reliance remains an element of a Rule 10b-5 claim after Basic. Accordingly, discovery on matters which bear on reliance will ordinarily be allowed in the absence of a viable claim of privilege.

Finally, plaintiff contends that records of his other trades are so remote to the matters at issue in this litigation that they could not possibly prove the point for which defendants seek to use them. Although I agree that there is only a small chance that the records will ultimately prove useful, I am directing that the records be produced because even a small likelihood that the requested documents are relevant warrants their production in the absence of a credible claim of a significant hardship.

other jurisdictions which support his argument that reliance should not be considered in determining whether to certify a class action.  See also 4 Herbert Newbery & Albert Conti, Newbury on Class Actions, § 22.57 at 22-246 (3d ed. 1992) ("the prevailing view is that differences in individual questions of reliance and amount of damages are not grounds for refusing to permit an action to proceed as a class action").

I cannot accept the plaintiff's argument because I do not agree that Eisen bars all inquiries into the subject of reliance at the class certification stage of a Rule 10b-5 action.  It is not necessary to rule on the merits to determine whether defendants may have a nonreliance defense that is unique to the only named class representative.  McGuinness v. Parnes, 1988 WL 66214 at *2 (D.D.C. June 17, 1988).  Accordingly, I am not prepared to conclude at this stage of the proceedings that the requested documents cannot possibly be relevant to the class certification determination.

B.  The Burden of Production

Plaintiff argues that defendants' discovery request should be denied because of its intrusiveness even if it seeks relevant information.  While I acknowledge that the compelled disclosure of trading records may be somewhat intrusive, the plaintiff has

4

not demonstrated that the production of the records in question would be exceedingly difficult or expensive. Nor does he claim that the records contain information of an especially sensitive nature. Accordingly, I conclude that defendants' legitimate interest in obtaining the records outweighs any harm to the plaintiff that will result from their production.

Although the defendants are entitled to the records they seek, there are limits as to how far I will permit them to travel down this path. I expect the defendants to abandon this inquiry on their own if it becomes apparent that the likelihood of obtaining valuable information has diminished to the point that the burdens of production outweigh the benefits of perseverance. If this issue is raised again under different circumstances, I will not hesitate to reconsider this decision.

## II. CONCLUSION

Defendants' Motion to Compel Discovery Directed to Class Issues (document no. 107) is granted.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

April 27, 1993

5

cc:  John T. Broderick, Jr., Esq.
     Thomas J. Dougherty, Esq.
     Christopher P. Reid, Esq.
     Stephen A. Whinston, Esq.
     Dennis J. Johnson, Esq.
     Kenneth G. Bouchard, Esq.